IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LOTT JOHNSON                                                                                    PLAINTIFF

v.                              CASE NO. 4:18-CV-00535 BSM

CHERYL HUMPHREYS, et al.                                                              DEFENDANTS

## ORDER

Plaintiff Lott Johnson's motion to remand [Doc. No. 11] is denied, defendant UPS Ground Freight, Inc.'s ("UPS Freight") motion for judgment on the pleadings [Doc. No. 13] is granted, and UPS Freight is dismissed. Because the federal-question claim is dismissed, this case is remanded to Pulaski County Circuit Court.

## I. BACKGROUND

Johnson, a black man, brings this lawsuit against UPS Freight, his former employer, and Cheryl Humphreys, who is associated with a UPS store in Garland County, Arkansas. The UPS store is a distinct entity from UPS Freight. The relevant facts are as follows:

Johnson used to work as a driver for UPS Freight. In July 2017, he delivered two pallets of freight to the UPS store where Humphreys worked. Johnson utilized a "free-fall" method of unloading the pallets from his tractor trailer. This consists of dropping the pallets from the back of the trailer directly onto the ground. Johnson asserts that Humphreys gave him permission to "free fall" the freight and that it was undamaged after he unloaded it from the trailer. He further alleges that Humphreys falsely told UPS Freight that she did not give him permission to "free fall" the freight.

UPS Freight investigated the event and terminated Johnson. Johnson asserts, however, that UPS Freight's decision to fire him on the basis of this incident was pretextual, and he alleges that he was actually fired on the basis of his race and for previously opposing racial discrimination. He also states that a white driver was not sanctioned for worse misconduct.

Johnson is suing UPS Freight for race discrimination under the Arkansas Civil Rights Act ("ACRA") and Humphreys for defamation. He moves to remand, and UPS Freight moves for judgment on the pleadings.

## II. DISCUSSION

### A. Motion to Remand

Johnson's motion to remand [Doc. No. 11] is denied because there is federal-question jurisdiction. Specifically, federal-question jurisdiction is proper because Johnson's ACRA claim is preempted by section 301 of the Labor Management and Relations Act ("LMRA"). *See* 29 U.S.C. §185. Whether diversity jurisdiction exists need not be considered.

Federal-question jurisdiction ordinarily depends on whether a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). This is known as the "well-pleaded complaint" rule. *Id.* There is, however, a corollary to this rule known as the "doctrine of complete preemption." *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018). Under this doctrine, the preemptive force of certain federal statutes is so "extraordinary" that they "convert" a

complaint alleging only state law claims into one stating a federal claim for the purposes of the well-pleaded complaint rule. *DeSantiago v. Laborers Int'l Union, Local No. 1140*, 914 F.2d 125, 127 (8th Cir. 1990). Put differently, if a state-law claim is completely preempted by a federal statute, and is therefore wholly displaced by federal law, then federal substantive law governs the claim and federal-question jurisdiction is proper. *Boldt*, 904 F.3d at 590 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Complete preemption is rare and arises under only a handful of federal statutes—including section 301 of the LMRA. *Id.*; *see also Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 798 (8th Cir. 1998).

Section 301 governs lawsuits enforcing collective-bargaining agreements ("CBA"). *Boldt*, 904 F.3d at 590. Not every lawsuit involving a CBA, however, triggers complete preemption. *Id.* Rather, section 301 preempts only "claims founded directly on rights created by collective-bargaining agreements" and "claims substantially dependent on analysis of a collective-bargaining agreement. " *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation omitted). "A substantially dependent claim under the LMRA is one that requires the interpretation of some specific provision of a collective-bargaining agreement, including any documents incorporated by reference." *Boldt*, 904 F.3d at 590 (internal quotations, citations, and alterations omitted).

Johnson's employment at UPS Freight was governed by a CBA that prohibits discrimination on the basis of race, prevents the company from disciplining employees without "just cause," and establishes a grievance and arbitration procedure for employees to

3

challenge disciplinary actions. The CBA also prohibits UPS Freight from terminating an employee for a first time offense, unless it is one of "extreme seriousness." Following his termination, Johnson availed himself of the grievance and arbitration procedure on numerous occasions, and he also filed multiple charges of unfair labor practices with the National Labor Relations Board ("NLRB"). The substance of some of these grievances and charges included unlawful discrimination on the basis of race, age, and for engaging in protected activity. Ultimately, the arbitrators and NLRB either found his grievances and charges without merit and dismissed them or allowed Johnson to withdraw them.

Johnson's ACRA claim will require an analysis and interpretation of various provisions of the CBA and is, therefore, preempted by section 301. Race discrimination claims under the ACRA are governed under the same standards as those brought under Title VII, and both utilize the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McCullough v. Univ. of Ark. for Med. Sci.*, 559 F.3d 855, 860–61 (8th Cir. 2009). An analysis of Johnson's prima facie case requires careful consideration and interpretation of the CBA's disciplinary provisions. Because employees may be disciplined only for "just cause" and discharged for a first offense only if it is one of "extreme seriousness," these terms will need to be interpreted in deciding whether UPS Freight properly terminated Johnson. Further, although Johnson asserts that a white driver was not sanctioned for worse misconduct, it will similarly need to be determined whether that driver was found guilty of an infraction of "extreme seriousness" or if there was even "just

4

cause" to sanction him.

Additionally, Johnson's prima facie case requires an interpretation of provisions in the CBA discussing procedures, safety, maintenance, and property damage. This will include an analysis of whether the CBA or its incorporated policies allow drivers to "free fall" deliveries under the circumstances alleged in the complaint, whether Johnson timely reported possible damage to his vehicle, and if not, whether Johnson was still meeting UPS Freight's legitimate expectations. *See also Boldt*, 904 F.3d at 592 (holding that a disability discrimination claim under the Minnesota Human Rights Act was preempted by section 301 because it required interpretation of specific provisions of a CBA).

Finally, Johnson's reliance on *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994) and *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988) is unpersuasive. *Hawaiian Airlines* concerns preemption under the Railway Labor Act and whether the case presented a "major" or "minor" dispute under that statute. *See* 512 U.S. at 253–54. This simply does not bear on the issues presented. Further, *Lingle* essentially holds that if resolution of the state law claim does not require interpretation of the CBA, then the claim is not preempted. 486 U.S. at 409–10. This merely confirms that claims that are truly independent of the CBA are not preempted. For the reasons discussed above, an analysis of Johnson's prima facie case will require interpreting specific provisions of the CBA.

B. <u>Motion for Judgment on the Pleadings</u>

Because Johnson's ACRA claim is preempted, it "must be either treated as a § 301

claim or dismissed as pre-empted." *Boldt*, 904 F.3d at 593 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). Johnson failed to file his lawsuit within the six-month statute of limitations period for section 301 claims. *Schuver*, 154 F.3d at 800. Accordingly, UPS Freight's motion for judgment on the pleadings is granted, Johnson's ACRA claim is dismissed with prejudice, and UPS Freight is dismissed from this lawsuit.

C. *Sua Sponte* Remand

Ironically, now that the federal question claim has been dismissed, subject matter jurisdiction is lacking over the defamation claim because Humphreys and Johnson are both citizens of Arkansas. *See* 28 U.S.C. § 1332(a). This claim is therefore remanded. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## III. CONCLUSION

For the foregoing reasons, Johnson's motion to remand [Doc. No. 11] is denied, defendant UPS Freight's motion for judgment on the pleadings [Doc. No. 13] is granted, and UPS Freight is dismissed with prejudice. This case is remanded to Pulaski County Circuit Court.

IT IS SO ORDERED this 2nd day of November 2018.

_____
UNITED STATES DISTRICT JUDGE